1  PAUL L. REIN, State Bar No. 43053
   CELIA MCGUINNESS, State Bar No. 159420
2  CATHERINE M. CABALO, State Bar No. 248198
   LAW OFFICES OF PAUL L. REIN
3  200 Lakeside Drive, Suite A
   Oakland, CA  94612
4  Telephone:  (510) 832-5001
   Facsimile:  (510) 832-4787
5  reinlawoffice@aol.com

6  Attorneys for Plaintiff
   PETER MENDOZA
7
   BRUCE J. NAPELL (State Bar No. 115116)
8  bjnlaw@pacbell.net
   LAW OFFICE OF BRUCE NAPELL
9  584 Woodbine Drive
   San Rafael, California 94903
10 Telephone: (707) 291-2245
   Facsimile:  (415) 785-2857
11
   Attorney for Defendants
12 MAYA PALENQUE RESTAURANT;
   FREEWILL HOLDINGS, INC dba
13 MAYA PALENQUE; YOUNG DUGAN;
   MI CASA PROPERTIES, LLC
14

15                 UNITED STATES DISTRICT COURT

16           FOR THE NORTHERN DISTRICT OF CALIFORNIA

17

18 PETER MENDOZA,                        Case No. 10-CV-4978 EDL

19     Plaintiff,                        Civil Rights

20                                       **CONSENT DECREE AND
       vs.                               [PROPOSED] ORDER**
21

22 MAYA PALENQUE
   RESTAURANT; FREEWILL
23 HOLDINGS, INC dba MAYA
   PALENQUE; YOUNG DUGAN;
24 MI CASA PROPERTIES, LLC; and
   DOES 12-10, INCLUSIVE,
25

26     Defendants.
27

28

   CONSENT DECREE & ORDER
   Case No. 10-CV-4978 EDL
   ~5141986.doc

1.     Plaintiff PETER MENDOZA filed a Complaint in this action on November 3, 2010 to obtain recovery of damages for his discriminatory experiences, denial of access, and denial of his civil rights, and to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and California civil rights laws against defendants MAYA PALENQUE RESTAURANT; FREEWILL HOLDINGS, INC dba MAYA PALENQUE; YOUNG DUGAN; MI CASA PROPERTIES, LLC (together sometimes "Defendants"), relating to the condition of Defendants' public accommodations as of January 2, 2010, and continuing.  Plaintiff has alleged that Defendants violated Title III of the ADA and sections 51, 52, 54, 54.1, 54.3, and 55 of the California Civil Code, and sections 19955 *et seq.* of the California Health & Safety Code by failing to provide full and equal access to their facilities at 349 Enfrente Rd., Novato, California.

2.     Plaintiff and Defendants (together sometimes the "Parties") hereby enter into this Consent Decree and Order for the purpose of resolving this lawsuit.

**JURISDICTION:**

3.     The Parties to this Consent Decree and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code sections 19955 *et seq.*; Title 24, California Code of Regulations; and California Civil Code sections 51, 52, 54, 54.1, 54.3, and 55.

4.     In order to avoid the costs, expense, and uncertainty of protracted litigation, the Parties to this Consent Decree and Order agree to entry of this Consent Decree and Order to resolve all claims raised in the Complaint filed with

- 2 -

this Court.  Accordingly, the Parties agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims.

WHEREFORE, the Parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provide as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

5.    This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants that have arisen out of the subject Complaint.

6.    The Parties agree and stipulate that the corrective work will be performed as follows:

a)    **Remedial Measures:** Defendants will complete the following corrective work:

    i.    <u>Restrooms</u> -- Provide men's and women's accessible restrooms;

    ii.    <u>Exterior Ramp</u> – Provide handrails for exterior ramp and landing and edge protection along the walk to the parking;

    iii.    <u>Parking</u> – Provide two (2) accessible (including one van-accessible) parking spaces and a marked path of travel to the exterior ramp referenced above in 6(a)(ii).

    iv.    <u>Patio Access</u> – Create an accessible path of travel to the outdoor patio area.  Include directional signage.

b)    **Timing of Injunctive Relief:**   In the event that building permits are not required for the above-described work, the following timeline for work shall apply:

- 3 -

CONSENT DECREE & ORDER
10-CV-4978 EDL

i.   Restrooms – To be completed within 60 days of the date this Consent Decree is signed by the Parties;

ii.   Ramp – completed within 90 days of the date this Consent Decree is signed by the Parties;

iii.   Parking Lot – completed within 120 days of the date this Consent Decree is signed by the Parties; and

iv.   Patio – completed within 150 days of the date this Consent Decree is signed by the Parties.

In the event that building permits are required for any of the above-described work, the following timeline shall apply:

i.   Restrooms – To be completed within 60 days of issuance of the permit;

ii.   Ramp – To be completed within 90 days of issuance of the permit;

iii.   Parking Lot – To be completed within 120 days of issuance of the permit; and

iv.   Patio – To be completed within 150 days of issuance of the permit

If permits are required for any of the above-described work, Defendants will submit plans for all corrective work requiring permits to the appropriate governmental agencies within 30 days of the Parties' signatures on this Consent Decree.  Defendants will commence work within 30 days of receiving approval from the appropriate agencies.  In the event that unforeseen difficulties prevent Defendants from completing any of the agreed-upon injunctive relief, Defendants or their counsel will notify Plaintiff's counsel in writing within 15 days of discovering the delay.  Plaintiff will have thirty (30) days to investigate and meet and confer, and to approve the delay by stipulation or otherwise respond to

- 4 -

1  Consent Decree and Order.  Defendants shall pay to Plaintiff's attorneys a total of

2  $30,353.52 for Plaintiff's attorney fees, litigation expenses, and costs, with

3  payment to be made to "PAUL L. REIN."  Defendants agree to make payment of

4  Plaintiff's $30,353.52 in attorney fees, litigation expenses, and costs in twelve (12)

5  installments over twelve (12) months, each payment totaling $2,529.46, all

6  payments to be delivered to the Law Offices of Paul L. Rein, 200 Lakeside Drive,

7  Suite A, Oakland, CA 94612.  The first payment for attorney fees, litigation

8  expenses, and costs shall be delivered by September 16, 2012 and each subsequent

9  payment shall be made by the 16th of each following month.  If any payment is not

10 timely made, the full balance of amounts owing shall be immediately due and

11 enforceable by the Court.  Plaintiff shall have the obligation to notify Defendants

12 of any alleged missed payment and give them 5 business days to comply.

13

14 **ENTIRE CONSENT DECREE AND ORDER:**

15          8.      This Consent Decree and Order constitutes the entire agreement

16 between the signing Parties and no other statement, promise, or agreement, either

17 written or oral, made by any of the Parties or agents of any of the Parties that is not

18 contained in this written Consent Decree and Order, shall be enforceable regarding

19 the matters described herein.

20

21 **CONSENT DECREE AND ORDER BINDING ON PARTIES AND**

22 **SUCCESSORS IN INTEREST:**

23          9.      This Consent Decree and Order shall be binding on Plaintiff,

24 Defendants, and any successors-in-interest.  Defendants have a duty to so notify all

25 such successors-in-interest of the existence and terms of this Consent Decree and

26 Order during the period of the Court's jurisdiction of this Consent Decree and

27 Order.

28

CONSENT DECREE & ORDER
10-CV-4978 EDL
C:\Users\dmrlc1\AppData\Local\Temp\notes95EC0B\~5141986.doc

1   Defendants' notice.  If the Parties cannot reach agreement regarding the delay

2   within an additional fifteen days, Plaintiff may seek enforcement by the Court.

3   Defendants or their counsel will notify Plaintiff's counsel when the corrective work

4   is completed, and in any case will provide a status report to Plaintiff's counsel no

5   later than 120 days from the entry of this Consent Decree.

6          c)      Defendants will notify Plaintiff in writing at the end of 120

7   days from the Parties' signing of this Consent Decree and Order as to the current

8   status of agreed-to injunctive relief, and every 90 days thereafter until all access is

9   provided.   If Defendants fail to provide injunctive relief on the agreed upon

10  timetable and/or fail to provide timely written status notification, and Plaintiff files

11  a motion with the Court to obtain compliance with these terms, Plaintiff reserves

12  the right to seek additional attorneys' fees for any compliance work necessitated by

13  Defendants' failure to keep this agreement.  If the Parties disagree, such fees shall

14  be set by the Court.  Plaintiff agrees to provide Defendants, through their

15  undersigned counsel, with at least 5 business days notice to cure any default under

16  this Consent Decree & Order before seeking relief from the Court to obtain

17  compliance with the terms of this Consent Decree & Order.

18

19  **DAMAGES, ATTORNEYS' FEES, LITIGATION EXPENSES, AND**

20  **COSTS:**

21         7.      The Parties have also reached an agreement regarding Plaintiff's

22  claims for damages and attorney fees, litigation expenses, and costs.  Defendants

23  shall pay to Plaintiff a total of $4,000 for Plaintiff's damages for emotional distress

24  and civil rights violations, with payment to be made to "PAUL L. REIN IN

25  TRUST FOR PETER MENDOZA."  Defendants agree to deliver full payment of

26  Plaintiff's $4,000 damages to the Law Offices of Paul L. Rein, 200 Lakeside Drive,

27  Suite A, Oakland, CA 94612 within six months from the Parties' signing of this

28

CONSENT DECREE & ORDER
10-CV-4978 EDL
C:\Users\dmrlc1\AppData\Local\Temp\notes95EC0B\~5141986.doc

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542:**

10.     Each of the Parties to this Consent Decree and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, any or all of them will incur, suffer, or experience some further loss or damage with respect to the lawsuit that is unknown or unanticipated at the time this Consent Decree and Order is signed. Except for all obligations required in this Consent Decree and Order, the Parties intend that this Consent Decree and Order apply to all such further loss with respect to the lawsuit, except those caused by the Parties subsequent to the execution of this Consent Decree and Order. Therefore, except for all obligations required in this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions, and causes of action by the Parties to this Consent Decree with respect to the lawsuit, whether the same are known, unknown, or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

11.     Except for all obligations required in this Consent Decree and Order, each of the Parties to this Consent Decree and Order, on behalf of each, their

- 7 -

1   respective agents, representatives, predecessors, successors, heirs, partners, and

2   assigns, releases and forever discharges each other Party and all officers, directors,

3   shareholders, subsidiaries, joint venturers, stockholders, partners, parent

4   companies, employees, agents, attorneys, insurance carriers, heirs, predecessors,

5   and representatives of each other Party, from all claims, demands, actions, and

6   causes of action of whatever kind or nature, presently known or unknown, arising

7   out of or in any way connected with the lawsuit.  Notwithstanding the foregoing,

8   the Defendants do not waive or release, but instead explicitly preserve, their rights

9   to seek contribution, apportionment, indemnification, and all other appropriate

10  relief from each other in connection with this Lawsuit and settlement thereof.

11  Such right shall be the subject of a separate settlement agreement between the

12  Defendants which shall be independently enforceable as to the Defendants.

13

14  **PROBATE COURT APPROVAL**

15      12.   This entire agreement is subject to approval by the probate court for

16  the pending case related to the Estate of defendant Young Dugan, unless the

17  probate court declines to consider this agreement.

18

19  **TERM OF THE CONSENT DECREE AND ORDER:**

20      13.   This Consent Decree and Order shall be in full force and effect for a

21  period of eighteen (18) months after the date of entry of this Consent Decree and

22  Order by the Court, or until the injunctive relief contemplated by this Order is

23  completed and all payments described in paragraph 7 are made, whichever occurs

24  later.  The Court shall retain jurisdiction of this action to enforce provisions of this

25  Consent Decree and Order for eighteen (18) months after the date of entry of this

26  Consent Decree and Order by the Court, or until the injunctive relief contemplated

27

28

1   by this Order is completed and all payments described in paragraph 7 are made,
2   whichever occurs later.
3   **SEVERABILITY:**
4        14.    If any term of this Consent Decree and Order is determined by any
5   court to be unenforceable, the other terms of this Consent Decree and Order shall
6   nonetheless remain in full force and effect.
7
8   **SIGNATORIES BIND PARTIES:**
9        15.    Signatories on the behalf of the Parties represent that they are
10  authorized to bind the Parties to this Consent Decree and Order.  This Consent
11  Decree and Order may be signed in counterparts and a facsimile signature shall
12  have the same force and effect as an original signature.
13
14                   **END OF PAGE.**
15  **SIGNATURES CONTINUE ON THE NEXT PAGE AND ORDER IS AT**
16               **THE END OF THE DOCUMENT.**
17
18
19
20
21
22
23
24
25
26
27
28

- 9 -

1  Dated: __3/16__, 2012          PLAINTIFF PETER MENDOZA

2

3

4  _____

5  PETER MENDOZA

6

7  Dated: __3/16__, 2012          DEFENDANT MAYA PALENQUE
                                          RESTAURANT
8

9  By: _____

10 Print name: __Joeseph Dugan__

11

12 Title: __Administrator, estate of__
              __Young Dugan__
13

14

15 Dated: __3/16__, 2012          DEFENDANT FREEWILL HOLDINGS, INC dba

16                                        MAYA PALENQUE

17

18 By: _____

19 Print name: __Joseph Dugan__

20 Title: __Administrator, Estate of__
              __Young Dugan__
21 Dated: __3/16__, 2012          DEFENDANT MI CASA PROPERTIES, LLC

22

23 By: _____

24 Print name: __Joseph Dugan__

25

26 Title: __Administrator, Estate of__
              __Young Dugan__
27 //
28 //

                                          - 10 -

CONSENT DECREE & ORDER
10-CV-4978 EDL
C:\Users\dmrlc1\AppData\Local\Temp\notes95EC0B\~5141986.doc

Dated: 3/16 , 2012          ESTATE OF YOUNG DUGAN

                            By: _____

                            Print name: Joseph Dugan

                            Title: Administrator, Estate of
                            Young Dugan

Dated: 3/16 , 2012          JOSEPH DUGAN


                            _____
                            JOSEPH DUGAN (as an individual)


APPROVED AS TO FORM:

DATED:   3/16  , 2012       **LAW OFFICES OF PAUL L. REIN**

                            By: _____
                               Catherine M. Cabalo
                            Attorneys for Plaintiff
                            PETER MENDOZA


DATED:   3/16  , 2012       **LAW OFFICE OF BRUCE NAPELL**


                            By: _____
                               Bruce Napell
                            Attorneys for Defendants
                            MAYA PALENQUE RESTAURANT;
                            FREEWILL HOLDINGS, INC dba MAYA
                            PALENQUE; YOUNG DUGAN; MI CASA
                            PROPERTIES, LLC

- 11 -

**ORDER**

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED. This action is hereby closed for administrative purposes.

Dated: ___March 28___, 2012



Honorable Donna M. Ryu
United States Magistrate Judge

IT IS SO ORDERED
Judge Donna M. Ryu

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

- 12 -