PAUL L. REIN, State Bar No. 43053
CELIA MCGUINNESS, State Bar No. 159420
CATHERINE M. CABALO, State Bar No. 248198
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: (510) 832-5001
Facsimile: (510) 832-4787
reinlawoffice@aol.com

Attorneys for Plaintiff
PETER MENDOZA

BRUCE J. NAPELL (State Bar No. 115116)
bjnlaw@pacbell.net
LAW OFFICE OF BRUCE NAPELL
584 Woodbine Drive
San Rafael, California 94903
Telephone: (707) 291-2245
Facsimile: (415) 785-2857

Attorney for Defendants
MAYA PALENQUE RESTAURANT;
FREEWILL HOLDINGS, INC dba
MAYA PALENQUE; YOUNG DUGAN;
MI CASA PROPERTIES, LLC

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER MENDOZA,<br><br>Plaintiff,<br><br>vs.<br><br>MAYA PALENQUE RESTAURANT; FREEWILL HOLDINGS, INC dba MAYA PALENQUE; YOUNG DUGAN; MI CASA PROPERTIES, LLC; and DOES 12-10, INCLUSIVE,<br><br>Defendants. | Case No. 10-CV-4978 EDL<br><br>Civil Rights<br><br>**CONSENT DECREE AND [PROPOSED] ORDER** |

1. Plaintiff PETER MENDOZA filed a Complaint in this action on November 3, 2010 to obtain recovery of damages for his discriminatory experiences, denial of access, and denial of his civil rights, and to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and California civil rights laws against defendants MAYA PALENQUE RESTAURANT; FREEWILL HOLDINGS, INC dba MAYA PALENQUE; YOUNG DUGAN; MI CASA PROPERTIES, LLC (together sometimes "Defendants"), relating to the condition of Defendants' public accommodations as of January 2, 2010, and continuing. Plaintiff has alleged that Defendants violated Title III of the ADA and sections 51, 52, 54, 54.1, 54.3, and 55 of the California Civil Code, and sections 19955 *et seq.* of the California Health & Safety Code by failing to provide full and equal access to their facilities at 349 Enfrente Rd., Novato, California.

2. Plaintiff and Defendants (together sometimes the "Parties") hereby enter into this Consent Decree and Order for the purpose of resolving this lawsuit.

## JURISDICTION:

3. The Parties to this Consent Decree and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code sections 19955 *et seq.*; Title 24, California Code of Regulations; and California Civil Code sections 51, 52, 54, 54.1, 54.3, and 55.

4. In order to avoid the costs, expense, and uncertainty of protracted litigation, the Parties to this Consent Decree and Order agree to entry of this Consent Decree and Order to resolve all claims raised in the Complaint filed with

this Court. Accordingly, the Parties agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims.

WHEREFORE, the Parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provide as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

5. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants that have arisen out of the subject Complaint.

6. The Parties agree and stipulate that the corrective work will be performed as follows:

    a) **Remedial Measures:** Defendants will complete the following corrective work:

        i. <u>Restrooms</u> -- Provide men's and women's accessible restrooms;

        ii. <u>Exterior Ramp</u> – Provide handrails for exterior ramp and landing and edge protection along the walk to the parking;

        iii. <u>Parking</u> – Provide two (2) accessible (including one van-accessible) parking spaces and a marked path of travel to the exterior ramp referenced above in 6(a)(ii).

        iv. <u>Patio Access</u> – Create an accessible path of travel to the outdoor patio area. Include directional signage.

    b) **Timing of Injunctive Relief:** In the event that building permits are not required for the above-described work, the following timeline for work shall apply:

- 3 -

CONSENT DECREE & ORDER
10-CV-4978 EDL

     i. Restrooms – To be completed within 60 days of the date this Consent Decree is signed by the Parties;

     ii. Ramp – completed within 90 days of the date this Consent Decree is signed by the Parties;

     iii. Parking Lot – completed within 120 days of the date this Consent Decree is signed by the Parties; and

     iv. Patio – completed within 150 days of the date this Consent Decree is signed by the Parties.

In the event that building permits are required for any of the above-described work, the following timeline shall apply:

     i. Restrooms – To be completed within 60 days of issuance of the permit;

     ii. Ramp – To be completed within 90 days of issuance of the permit;

     iii. Parking Lot – To be completed within 120 days of issuance of the permit; and

     iv. Patio – To be completed within 150 days of issuance of the permit

If permits are required for any of the above-described work, Defendants will submit plans for all corrective work requiring permits to the appropriate governmental agencies within 30 days of the Parties' signatures on this Consent Decree. Defendants will commence work within 30 days of receiving approval from the appropriate agencies. In the event that unforeseen difficulties prevent Defendants from completing any of the agreed-upon injunctive relief, Defendants or their counsel will notify Plaintiff's counsel in writing within 15 days of discovering the delay. Plaintiff will have thirty (30) days to investigate and meet and confer, and to approve the delay by stipulation or otherwise respond to

- 4 -

Consent Decree and Order. Defendants shall pay to Plaintiff's attorneys a total of $30,353.52 for Plaintiff's attorney fees, litigation expenses, and costs, with payment to be made to "PAUL L. REIN." Defendants agree to make payment of Plaintiff's $30,353.52 in attorney fees, litigation expenses, and costs in twelve (12) installments over twelve (12) months, each payment totaling $2,529.46, all payments to be delivered to the Law Offices of Paul L. Rein, 200 Lakeside Drive, Suite A, Oakland, CA 94612. The first payment for attorney fees, litigation expenses, and costs shall be delivered by September 16, 2012 and each subsequent payment shall be made by the 16th of each following month. If any payment is not timely made, the full balance of amounts owing shall be immediately due and enforceable by the Court. Plaintiff shall have the obligation to notify Defendants of any alleged missed payment and give them 5 business days to comply.

**ENTIRE CONSENT DECREE AND ORDER:**

8. This Consent Decree and Order constitutes the entire agreement between the signing Parties and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters described herein.

**CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

9. This Consent Decree and Order shall be binding on Plaintiff, Defendants, and any successors-in-interest. Defendants have a duty to so notify all such successors-in-interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

- 6 -

CONSENT DECREE & ORDER
10-CV-4978 EDL
C:\Users\dmrlc1\AppData\Local\Temp\notes95EC0B\~5141986.doc

Defendants' notice. If the Parties cannot reach agreement regarding the delay within an additional fifteen days, Plaintiff may seek enforcement by the Court. Defendants or their counsel will notify Plaintiff's counsel when the corrective work is completed, and in any case will provide a status report to Plaintiff's counsel no later than 120 days from the entry of this Consent Decree.

    c)  Defendants will notify Plaintiff in writing at the end of 120 days from the Parties' signing of this Consent Decree and Order as to the current status of agreed-to injunctive relief, and every 90 days thereafter until all access is provided. If Defendants fail to provide injunctive relief on the agreed upon timetable and/or fail to provide timely written status notification, and Plaintiff files a motion with the Court to obtain compliance with these terms, Plaintiff reserves the right to seek additional attorneys' fees for any compliance work necessitated by Defendants' failure to keep this agreement. If the Parties disagree, such fees shall be set by the Court. Plaintiff agrees to provide Defendants, through their undersigned counsel, with at least 5 business days notice to cure any default under this Consent Decree & Order before seeking relief from the Court to obtain compliance with the terms of this Consent Decree & Order.

## DAMAGES, ATTORNEYS' FEES, LITIGATION EXPENSES, AND COSTS:

  7.  The Parties have also reached an agreement regarding Plaintiff's claims for damages and attorney fees, litigation expenses, and costs. Defendants shall pay to Plaintiff a total of $4,000 for Plaintiff's damages for emotional distress and civil rights violations, with payment to be made to "PAUL L. REIN IN TRUST FOR PETER MENDOZA." Defendants agree to deliver full payment of Plaintiff's $4,000 damages to the Law Offices of Paul L. Rein, 200 Lakeside Drive, Suite A, Oakland, CA 94612 within six months from the Parties' signing of this

- 5 -

CONSENT DECREE & ORDER
10-CV-4978 EDL
C:\Users\dmrlc1\AppData\Local\Temp\notes95EC0B\~5141986.doc

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542:**

10. Each of the Parties to this Consent Decree and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, any or all of them will incur, suffer, or experience some further loss or damage with respect to the lawsuit that is unknown or unanticipated at the time this Consent Decree and Order is signed. Except for all obligations required in this Consent Decree and Order, the Parties intend that this Consent Decree and Order apply to all such further loss with respect to the lawsuit, except those caused by the Parties subsequent to the execution of this Consent Decree and Order. Therefore, except for all obligations required in this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions, and causes of action by the Parties to this Consent Decree with respect to the lawsuit, whether the same are known, unknown, or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

11. Except for all obligations required in this Consent Decree and Order, each of the Parties to this Consent Decree and Order, on behalf of each, their

respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit. Notwithstanding the foregoing, the Defendants do not waive or release, but instead explicitly preserve, their rights to seek contribution, apportionment, indemnification, and all other appropriate relief from each other in connection with this Lawsuit and settlement thereof. Such right shall be the subject of a separate settlement agreement between the Defendants which shall be independently enforceable as to the Defendants.

**PROBATE COURT APPROVAL**

12. This entire agreement is subject to approval by the probate court for the pending case related to the Estate of defendant Young Dugan, unless the probate court declines to consider this agreement.

**TERM OF THE CONSENT DECREE AND ORDER:**

13. This Consent Decree and Order shall be in full force and effect for a period of eighteen (18) months after the date of entry of this Consent Decree and Order by the Court, or until the injunctive relief contemplated by this Order is completed and all payments described in paragraph 7 are made, whichever occurs later. The Court shall retain jurisdiction of this action to enforce provisions of this Consent Decree and Order for eighteen (18) months after the date of entry of this Consent Decree and Order by the Court, or until the injunctive relief contemplated

by this Order is completed and all payments described in paragraph 7 are made, whichever occurs later.

**SEVERABILITY:**

14. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

15. Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

**END OF PAGE.**

**SIGNATURES CONTINUE ON THE NEXT PAGE AND ORDER IS AT THE END OF THE DOCUMENT.**

| | |
|---|---|
| Dated: 3/16, 2012 | PLAINTIFF PETER MENDOZA |
| | |
| | *(signature)* |
| | PETER MENDOZA |
| Dated: 3/16, 2012 | DEFENDANT MAYA PALENQUE RESTAURANT |
| | By: *(signature)* |
| | Print name: Joeseph Dugan |
| | Title: Administrator, Estate of Young Dugan |
| Dated: 3/16, 2012 | DEFENDANT FREEWILL HOLDINGS, INC dba MAYA PALENQUE |
| | By: *(signature)* |
| | Print name: Joseph Dugan |
| | Title: Administrator, Estate of Young Dugan |
| Dated: 3/16, 2012 | DEFENDANT MI CASA PROPERTIES, LLC |
| | By: *(signature)* |
| | Print name: Joseph Dugan |
| | Title: Administrator, Estate of Young Dugan |

//
//

- 10 -

CONSENT DECREE & ORDER
10-CV-4978 EDL
C:\Users\dmrlc1\AppData\Local\Temp\notes95EC0B\~5141986.doc

| | | |
|---|---|---|
| 1 | Dated: 3/16, 2012 | ESTATE OF YOUNG DUGAN |
| 2 | | By: _[signature]_ |
| 3 | | Print name: Joseph Dugan |
| 4 | | |
| 5 | | Title: Administrator, Estate of Young Dugan |
| 6 | | |
| 7 | Dated: 3/16, 2012 | JOSEPH DUGAN |

_[signature]_

JOSEPH DUGAN (as an individual)

APPROVED AS TO FORM:

DATED: 3/16, 2012

**LAW OFFICES OF PAUL L. REIN**

By: _[signature]_
Catherine M. Cabalo
Attorneys for Plaintiff
PETER MENDOZA

DATED: 3/16, 2012

**LAW OFFICE OF BRUCE NAPELL**

By: _[signature]_
Bruce Napell
Attorneys for Defendants
MAYA PALENQUE RESTAURANT;
FREEWILL HOLDINGS, INC dba MAYA
PALENQUE; YOUNG DUGAN; MI CASA
PROPERTIES, LLC

- 11 -

CONSENT DECREE & ORDER
10-CV-4978 EDL
C:\Users\dmrlc1\AppData\Local\Temp\notes95EC0B\~5141986.doc

# ORDER

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED. This action is hereby closed for administrative purposes.

Dated: March 28, 2012



_____
Honorable Donna M. Ryu
United States Magistrate Judge